UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| SUSAN WADAS,<br><br>              Plaintiff,<br><br>     vs.<br><br>DELTA AIR LINES, INC.,  DOE<br>DEFENDANTS 1-10,<br><br>              Defendants. | CIV. NO. 18-00312 LEK-KJM |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On December 28, 2020, the Order Granting Defendant's Motion for Summary Judgment ("12/28/20 Order") was issued. [Dkt. no. 131.[1]]  Before the Court is *pro se* Plaintiff Susan Wadas's ("Plaintiff") letter, dated January 9, 2021 and received on January 11, 2021, which has been construed as a motion for reconsideration of the 12/28/20 Order ("Motion for Reconsideration").[2]  [Minute Order, filed 1/15/21 (dkt. no. 135)

---

[1] The 12/28/20 Order addressed Defendant Delta Air Lines, Inc.'s ("Defendant") Motion for Summary Judgment ("Motion"), filed on January 22, 2020 and renewed on June 22, 2020.  [Dkt nos. 77 (Motion), 92 (notice of renewal).]  The 12/28/20 Order is also available at 2020 WL 7700583.

[2] During the litigation of the Motion, Plaintiff was represented by counsel.  However, on December 16, 2020, the magistrate judge orally granted Plaintiff's counsel's motion to withdraw, and a written order was filed on December 29, 2020. [Dkt. nos. 130 (minutes of hearing on motion to withdraw), 132 (order granting motion to withdraw).]

(construing letter and stating no response to the Motion for Reconsideration was necessary); Motion for Reconsideration, filed 1/15/21 (dkt. no. 136).] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Plaintiff's Motion for Reconsideration is hereby denied for the reasons set forth below.

## BACKGROUND

The factual and procedural background of this case is set forth in the 12/28/20 Order and will not be repeated here. In the 12/28/20 Order, this Court granted summary judgment in favor of Defendant as to Plaintiff's gender and sex discrimination claims and her retaliation claims, all of which she brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and Haw. Rev. Stat. § 378-2.

In the Motion for Reconsideration, Plaintiff argues there were clear errors in the 12/28/20 Order, and reconsideration is necessary to prevent manifest injustice because the witnesses whose testimony this Court relied upon have been "proven untruthful." [Motion for Reconsideration at PageID #: 2098.] In particular, Plaintiff argues there was no evidence that: she went onto an aircraft before it was cleared;

2

she was performing her job in an unsatisfactory manner; and she removed food from an aircraft or ate food while in an aircraft. [Id.] The remainder of the Motion for Reconsideration identifies statements in the factual background section of the 12/28/20 Order that she asserts are either incorrect or incomplete descriptions of the events at issue. [Id. at PageID #: 2098-104.] In addition, Plaintiff attaches: a "Summary of Accusations," which describes events that occurred between June 2011 and June 2014 and presents Plaintiff's arguments regarding certain exhibits and Defendant's Motion in general; [id. at PageID #: 2105-15;] and an email chain with emails between Plaintiff and Tony Charaf from February 11 to 21, 2014, [id. at PageID #: 2116-18].

### DISCUSSION

This district court has stated:

Local Rule 60.1 states that motions for reconsideration of case-dispositive orders "shall be governed by Fed. R. Civ. P. 59 or 60, as applicable." Under Fed. R. Civ. P. 59(e), a motion to alter or amend a judgment must be filed no later than twenty-eight days after entry of the judgment. A motion for reconsideration brought within this time period is construed as a Rule 59(e) motion regardless of the label put on it by the moving party. Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). . . .

Reconsideration under Fed. R. Civ. P. 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v.

3

Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted); see also LR60.1 ("Motions for reconsideration are disfavored.").  A motion for reconsideration must: (1) demonstrate reasons that the court should reconsider its prior decision; and (2) must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Fisher v. Kealoha, 49 F. Supp. 3d 727, 734 (D. Haw. 2014). The Ninth Circuit has said that reconsideration may be appropriate if: (1) the district court is presented with newly discovered evidence; (2) the district court committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law.  See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Mere disagreement with a previous order is an insufficient basis for reconsideration. Fisher, 49 F. Supp. 3d at 735.  This court "'enjoys considerable discretion in granting or denying the motion.' " Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc)).

Smith v. Frink, Civil No. 20-00377 SOM-RT, 2020 WL 7130511, at

*2 (D. Hawai`i Dec. 4, 2020) (footnote omitted).

Plaintiff's Motion for Reconsideration raises factual

arguments, but those arguments are not based on newly discovered

evidence.  "To support a motion for reconsideration based upon

newly discovered evidence, the movant is obliged to show not

only that the evidence was newly discovered or unknown, but also

that it could not with reasonable diligence have discovered and

produced such evidence at the hearing."  Streamline Consulting

Grp. LLC v. Legacy Carbon LLC, CIVIL NO. 15-00318 SOM/KSC, 2016 WL 1064444, at *1 (D. Hawai`i Mar. 16, 2016) (quotation marks and citations omitted).  The evidence that the Motion for Reconsideration is based upon does not meet this standard.

All arguments in the Motion for Reconsideration were, or could have been, raised in response to the underlying Motion, and therefore they cannot be the basis for reconsideration.  See Wereb v. Maui Cnty., 830 F. Supp. 2d 1026, 1031 (D. Hawai`i 2011) ("[R]econsideration may not be based on evidence and legal arguments that a movant could have presented at the time of the challenged decision." (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000))).  Ultimately, Plaintiff disagrees with the Court's rulings on the Motion.  While Plaintiff's disappointment with the outcome of the case is understandable, her disagreement with the 12/28/20 Order is not a basis to grant reconsideration.  See Fisher, 49 F. Supp. 3d at 735.  Plaintiff has failed to identify any ground that warrants reconsideration of the 12/28/20 Order, and her Motion for Reconsideration must be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration, filed January 15, 2021, is HEREBY DENIED. There being no remaining claims in this case, the Clerk's Office is DIRECTED to enter judgment in favor of Defendant, pursuant to

the December 28, 2020 Order Granting Defendant's Motion for Summary Judgment, and to terminate this case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 23, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

SUSAN WADAS VS. DELTA AIR LINES, INC., DOE DEFENDANTS 1-10; CV 18-00312 LEK-KJM; ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION